IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KEVIN W. EDWARDS, Sr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:18-CV-275-BQ |
| TEXAS CIVIL COMMITMENT | § | ECF |
| AND CORRECT CARE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

### I.  Background

Plaintiff Kevin W. Edwards filed this civil rights action under 42 U.S.C. § 1983 on October 12, 2018, along with an application to proceed *in forma pauperis* (IFP). *See* ECF Nos. 1, 2. The United States District Court subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 10. Edwards has not consented to proceed before the undersigned magistrate judge.

Edwards is an adjudicated sexually violent predator currently housed at the Bill Clayton Detention Center in Littlefield, Texas, pursuant to an order of civil commitment. Edwards is therefore not considered a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening procedures of 28 U.S.C. § 1915A. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (concluding that a civilly committed sexually violent predator was not a prisoner within the meaning of the Prison Litigation Reform Act); *Allen v. Seiler*, No. 4:12–CV–414–Y, 2013 WL 357614, at *1 n.1 (N.D. Tex. Jan. 30, 2013) (citing *Jackson v. Johnson*, 475 F.3d 261, 266 (5th Cir. 2007)). Because Edwards applied to proceed IFP, however, he is nevertheless subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B).

1

After reviewing Edwards's initial request to proceed IFP (ECF No. 2), the court concluded it needed additional information prior to ruling on the motion, and entered an order on December 11, 2018, requiring the production of such material within ten days from the date of the order. *See* ECF No. 11. Despite filing a second application to proceed IFP, Edwards nevertheless failed to timely comply with the order, and the materials he belatedly submitted were incomplete and non-compliant, so the court denied his request to proceed IFP on December 27, 2018. ECF No. 15; *see* ECF No. 14 (late-filed second IFP request which did not include all information requested in the court's December 11 order). The court alternatively found that the information Edwards did produce showed he did not qualify for IFP status. ECF No. 15, at 1–2. The court admonished Edwards that if he did not tender the filing fee within fourteen days of the December 27 order denying his IFP requests, this action would be dismissed without prejudice. ECF No. 15. As of the date of this Report, Edwards has not tendered the filing fee or otherwise responded to the December 27 order, despite the court's express admonishment that failure to comply would result in dismissal of his case. *See id.* Accordingly, the undersigned enters this Report and recommends that this action be dismissed for want of prosecution.

## II.   Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, Edwards filed this action on October 12, 2018, along with an application to proceed IFP. ECF Nos. 1, 2. Because Edwards failed to timely comply with the court's order requesting more information (ECF No. 11), the court denied his request to proceed IFP on December 27, 2018, giving Edwards fourteen days to pay the filing fee and admonishing him that failure to timely pay the fee would result in the court dismissing his Complaint. ECF No. 15. As of the date of this Report, Edwards has not paid the filing fee and has thus failed to comply with the court's December 27 order. Because Edwards has not paid the filing fee or complied with the court's orders, the court should dismiss this action for want of prosecution.

### III.   Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Court dismiss Edwards's Complaint without prejudice for failure to pay the filing fee.

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 15, 2019

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

4